UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| TYRONE A. JONES,<br><br>　　　　Plaintiff;<br><br>vs.<br><br>**BALTIMORE CITY SHERIFF'S OFFICE**<br><br>and<br><br>**MAYOR AND CITY COUNCIL OF BALTIMORE**<br><br>and<br><br>**MICHAEL DAVIS,**<br><br>　　　　Defendants. | Civil Case No.:<br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

This is a civil rights action seeking redress for the deprivation of fundamental rights guaranteed, *inter alia*, by the United States Constitution and the Maryland Declaration of Rights.

Plaintiff Tyrone A. Jones, an African-American man who had committed no wrong, was subjected to illegal racial profiling, police brutality, wrongful arrest, and wrongful incarceration after Baltimore City Sheriff's Deputy Michael Davis attacked and arrested him without just cause or reasonable suspicion. Deputy Michael Davis was assisted by a currently-unknown Baltimore City Sheriffs deputy who condoned, ratified and supported this manifestly illegal conduct and failed and refused to intervene to stop Deputy Michael Davis' unconstitutional and outrageous conduct. It is a basic right of persons in the United States to be free of brutality and wrongful arrest by armed agents of the state without just cause, a right denied to Mr. Jones because he is African American and was in a house which, unbeknownst to him, was scheduled for eviction procedures.

After seizing Mr. Jones and depriving him of his liberty, Deputy Michael Davis subjected Mr. Jones to unprovoked and violent physical abuse, which was captured on video by the owner of

the property. Deputy Michael Davis repeatedly punched, hit, and kicked Mr. Jones, causing bodily injury. The injuries sustained by Mr. Jones included lacerations to his face (nose) that required stitches, head trauma leading to headaches, and a strained neck. Deputy Michael Davis then reported that Mr. Jones had assaulted him and later caused Mr. Jones to be charged with Assault on a Law Enforcement Officer. This terrifying, violent, substantial, and unwarranted course of action by Deputy Michael Davis caused profound humiliation and dehumanization to Mr. Jones. It was carried out by Deputy Michael Davis as a signal and means of subjugation and degradation without any lawful purpose whatsoever.

Mr. Jones, due to the actions of Deputy Michael Davis and the actions and inactions of the other Baltimore City Sheriff's deputy on the scene, was charged with more than thirty (30) criminal offenses that Deputy Michael Davis knew or should have known were not committed by Mr. Jones. Mr. Jones was incarcerated pending trial at the Metropolitan Transition Center on Forrest Street in Baltimore City for a period of approximately seven (7) months from June 26, 2023 until January 2024. During this time, Mr. Jones was forced to employ an attorney to prepare for trial on a multitude of felony charges that could have yielded well in excess of 100 years of incarceration. Mr. Jones was only released when a video was produced to the Baltimore City State Attorney's Office that clearly showed that Mr. Jones had not assaulted Deputy Michael Davis and, instead, Mr. Jones had been targeted, attacked, and wrongly charged based on the conduct of Deputy Michael Davis.

**PARTIES**

1. Plaintiff is a citizen of the United States and a life-long resident of Baltimore City.

2. Defendant Baltimore City Sheriff's Office ("BCSO") is a law enforcement agency within the City of Baltimore. Michael Davis is, or was at the time of the events described herein, employed by the Baltimore City Sheriff's Office and employed as a law enforcement officer in Baltimore City county.

3. Defendant Mayor and City Council of Baltimore ("Baltimore City" or "the City") is a

municipality located within the District of Maryland. The City of Baltimore is a local government within the meaning of 42 U.S.C. § 14141. The City is responsible for funding BCSO and for the acts or omissions of BCSO.

## JURISDICTION AND VENUE

4. This action arises under the United States Constitution, particularly under the provisions of the Fourth, Sixth, and Fourteenth Amendments to the Constitution of the United States (Art. IV, U.S. Constitution, Art. VI, U.S. Constitution, Amend XIV, U.S. Constitution), and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, § 1983 (42 U.S.C.A. § 1983).

5. This court has jurisdiction of this cause under Title 28 of the United States Code, § 1343 (28 U.S.C.A. § 1343).

6. Each of the acts of Deputy Michael Davis alleged in this complaint were done under the color and pretense of the statutes, ordinances, regulations, customs, and usages of Baltimore City, Maryland, and under the authority of his office as a law enforcement officer for such city and county.

## FACTUAL ALLEGATIONS

7. Deputy Michael Davis was conducting a routine activity assigned to the Baltimore City Sheriff's Office at the time he encountered Mr. Jones. Namely, Michael Davis was at a home in the Cherry Hill neighborhood of Baltimore City to conduct an eviction at the time he met Mr. Jones. At the time, Mr. Jones was asleep until awoken by Michael Davis.

8. Due solely to the actions of Deputy Michael Davis , Mr. Jones incurred the following injuries: Bruising, scratching, lacerations requiring stitches, head trauma, and soft tissue injuries. Mr. Jones was taken to MedStar Harbor Hospital on South Hanover Street in Baltimore.. Mr. Jones seeks damages for pain and suffering related to these injuries of at least $75,000.

9. Due to the illegal arrest of Mr. Jones and his unlawful detention and imprisonment, Jones was required to and did employ legal counsel to fight more than thirty (30) criminal charges filed against him, which largely consisted of felonies. Jones incurred reasonable attorneys fees of $30,000 in connection with the defense of the charges filed against him. All the charges against Jones were eventually dismissed in January 2024, approximately one week before Mr. Jones was scheduled to go on trial. Mr. Jones' attorney had begun to prepare for the jury trial at Baltimore City Circuit Court and Mr. Jones had incurred legal bills of $30,000. Mr. Jones seeks damages for his legal fees of at least $30,000.

10. Because of the actions of Deputy Michael Davis, including Mr. Jones' unlawful arrest and imprisonment, Mr. Jones lost income from his job as a maintenance worker at Groundwork, Inc. in Baltimore for a period of seven (7) months and sustained damages for loss of earnings during such period of approximately $25,000 . Mr. Jones also has experienced difficulties obtaining suitable employment after a significant period of wrongful incarceration.

11. Because of the actions of Deputy Michael Davis, including Mr. Jones' unlawful arrest and imprisonment, Mr. Jones lost his freedom and was deprived of time with family and friends for a period of seven (7) months and as a consequence sustained pain and suffering worth at least $75,000 . Mr. Jones suffered isolation, mental distress, anxiety and stress from his wrongful imprisonment, and negative effects on his relationships with family and friends.

12. The actions and inactions of the Defendants in this action deprived Plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States:

A. The right of Plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States (Art. IV, U.S. Constitution, Amend XIV, U.S. Constitution).

B. The right of Plaintiff to be informed of the nature and cause of the accusation against him, secured to him under the Sixth and Fourteenth Amendments to the Constitution of the

United States (Art. VI, U.S. Constitution, Amend XIV, U.S. Constitution); and

C. The right of Plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured by the Fourteenth Amendment to the Constitution of the United States (Amend XIV, U.S. Constitution).

13. For many years, BCSO and other law enforcement agencies in Baltimore City have employed strategies in certain Baltimore neighborhoods that emphasize making large numbers of stops, searches, and arrests, often for non-violent misdemeanor offenses, and with minimal supervisory review. These tactics disproportionately impact African Americans and homeless people.

14. These racial disparities are driven in part by deficient policies, training, supervision, and accountability. The City of Baltimore admitted as much in its consent decree with the United States Department of Justice.

15. BCSO deputies have also used racial slurs and other derogatory language to address or refer to African Americans. When BCSO has received complaints about such conduct, it has often misclassified or failed to investigate them. Deputy Michael Davis in this case used racial slurs and derogatory language to refer to the Plaintiff Tyrone A. Jones. Throughout the encounter, Deputy Davis escalated the tension by using verbal threats.

16. BCSO engages in a pattern or practice of using force that is objectively unreasonable under the circumstances in which the force is applied, including the threat posed by the suspect and the severity of the alleged underlying crime, in violation of the Fourth Amendment. Deputy Michael Davis in this case used objectively unreasonable force that had no legitimate use in the situation.

17. BCSO uses unreasonable force against people who present little or no threat to them or others. In this instance, Deputy Michael Davis used unreasonable force against Mr. Jones despite the fact he presented no threat to any law enforcement officers. Indeed, Mr. Jones was sleepy and

sluggish during the encounter and presented no threat to Michael Davis at any point during the encounter.

18. BCSO use of deficient policies, training, supervision, and accountability systems contributes to BCSO's violations of the Constitution and federal law. Defendants BCSO and Baltimore City have been on notice of these deficiencies for years, but have not implemented sufficient reforms to ensure constitutional conduct.

19. Defendants BCSO and Baltimore City fail to supervise deputy sheriffs effectively or hold them accountable for misconduct, contributing to a pattern of police actions that violate the Constitution and federal law.

20. BCSO fails to adequately train and supervise its deputies. This deficiency manifests itself in multiple ways, including a failure to guide sheriff's deputy activity through effective policies and training; a failure to collect and analyze reliable data to supervise law enforcement activities; and the lack of a meaningful early intervention system to identify deputies who may benefit from additional training or guidance to ensure they do not commit unconstitutional acts.

21. Together, these failures prevent BCSO and Baltimore City from deterring, identifying, and correcting misconduct that contributes to a pattern or practice of violating the Constitution and federal laws.

## CLAIMS FOR RELIEF

### COUNT 1
**DEFENDANTS' ACTIONS AND INACTIONS DEPRIVED PLAINTIFF OF RIGHTS SECURED BY THE FOURTH AND FOURTEENTH AMENDMENTS, TITLE VI, AND THE SAFE STREETS ACT, IN VIOLATION OF 42 U.S.C. § 14141**

22. Plaintiff re-alleges and incorporates by reference all the allegations set forth above.

23. The Fourth Amendment to the United States Constitution provides that "[t]he right of the

people to be secure in their persons, house, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

24. Section II of the Fourteenth Amendment provides that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny any person within its jurisdiction equal protection of the laws."

25. Title VI of the Civil Rights Act of 1964 provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." Defendants receive federal financial assistance and are subject to Title VI requirements.

26. The Safe Streets Act provides that "[n]o person in any State shall on the ground of race, color, religion, national origin, or sex be excluded from participation in, be denied the benefits of, or be subjected to discrimination under or denied employment in connection with any programs or activity funded in whole or in part with funds made available under this title." Defendants receive funding from the U.S. Department of Justice and is subject to the Safe Streets Act requirements.

27. By the actions set forth above, Defendants have engaged in a pattern or practice of conduct that deprives persons of rights, privileges, or immunities secured or protected by the First, Fourth, and Fourteenth Amendments to the United States Constitution, Title VI of the Civil Rights Act of 1964, and the Safe Streets Act, in violation of 42 U.S.C. § 14141.

## COUNT 2
### Violation of the Fourth and Fourteenth Amendments – 42 U.S.C. § 1983
### Violation of Article 24 of the Maryland Declaration of Rights

28. The preceding paragraphs are incorporated herein by reference.

29. At all times relevant hereto, Plaintiff Tyrone A. Jones had a right clearly established under the Fourth Amendment to the United States Constitution and enforceable against the States through the Due Process Clause of the Fourteenth Amendment to be free from unreasonable searches and seizures. The seizure of Plaintiff Tyrone Jones without probable cause violated these rights.

30. At times relevant hereto, Plaintiff Tyrone A. Jones had a right clearly established under Article 24 of the Maryland Declaration of Rights to be free from unreasonable searches and seizures. The seizure of Plaintiff Tyrone A. Jones without probable cause violated these rights.

31. Deputy Michael Davis acted with sufficient malice for punitive damages to issue under Maryland law. Deputy Michael Davis acted with actual malice towards Plaintiff Tyrone A. Jones and used physical force against him due to an improper motive, i.e., racial profiling or race based discrimination.

32. Coextensively, in addition and/or in the alternative, Deputy Michael Davis acted with sufficient state of mind for punitive damages to issue under 42 U.S.C. § 1983. Deputy Michael Davis acted with evil motive or intent or reckless or callous indifference to Plaintiff Tyrone Jones' federally protected rights.

33. Plaintiff Tyrone A. Jones suffered damages, including economic and non-economic injuries as a consequence of these violations.

## COUNT 3
### Failure to Train or Supervise – 42 U.S.C. § 1983
### Negligent Failure to Train or Supervise –
### Article 24 of the Maryland Declaration of Rights

34. The preceding paragraphs are incorporated herein by reference.

35. BCSO and Baltimore City are liable pursuant to 42 U.S.C. § 1983 for the failure to train their officers not to engage in excessive force or wrongful detention on the basis of racial profiling.

36. The failure to train sheriff's deputies against race-based discrimination in use of force was so profound that, as part and parcel of the treatment of Plaintiff Tyrone A. Jones, Deputy Michael Davis did not merely subject Jones to a single violent act, but to an extended and degrading set of physical actions that can only occur if an officer holds a deep rooted racial bias against the people he is to serve, and believes that his conduct has at least the tacit approval of his employer, that approval conveyed in part by the failure to train. Likewise, the failure of the other BCSO deputy to intervene suggests that Deputy Michael Davis' racial profiling and extreme misconduct is not aberrational, but part of a culture and institution which tolerates such conduct. The failure to train deputies against racial profiling by BCSO and Baltimore City was a moving force behind the violent acts directed at Plaintiff Tyrone A. Jones.

37. BCSO and Baltimore City's failure to train constituted deliberate indifference and caused the constitutional violations and injuries complained of herein.

38. Mr. Jones spoke with BCSO deputies while he was being treated at Harbor Hospital after his encourter with BCSO deputy Michael Davis. Upon information and belief, Deputy Michael Davis had a reputation for misconduct so pervasive that, when Mr. Jones told BCSO deputies that Deputy Michael Davis had been involved in the incident, the other deputies receiving the complaint indicated a lack of surprise. BCSO and Baltimore City are, therefore, liable to Plaintiff under Maryland's common law torts of negligent failure to train and negligent failure to supervise for all of the state constitutional violations committed by Deputy Michael Davis alleged herein

### Count 4
*Respondeat Superior* **for Common Law
and State Constitutional Claims**

39. The preceding paragraphs are incorporated herein by reference.

40. Deputy Michael Davis violated the rights guaranteed to Tyrone A. Jones under the common law and Constitution of the State of Maryland.

41. At all times relevant hereto, Deputy Michael Davis was employed and acting on behalf of the BCSO, itself a department of Baltimore City.

42. The acts of Deputy Michael Davis alleged in this Complaint were within the scope of his employment as a member of the BCSO.

43. BCSO and Baltimore City are liable to Plaintiff Tyrone A Jones pursuant to *respondeat superior* for the common law and state constitutional violations committed by Deputy Michael Davis alleged herein.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Tyrone A Jones, who estimates his damages suffered to be worth at lesat $250,000, prays for judgment as follows:

(A) An award of compensatory damages against BCSO, the City, and Michael Davis in an amount to be determined at trial;

(B) An award of punitive damages against BCSO, the City, and Michael Davis in an amount to be determined at trial;

(C) An award of Plaintiff's costs and reasonable attorneys' fees in this action pursuant to 42 U.S.C. §§ 1983 and 1988;

(D) Appropriate injunctive relief, including the implementation of training protocols to prevent and effectively discipline the conduct complained of herein; and,

(E) An order granting such other relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiffs, individually and on behalf of all other FLSA collective and Rule 23 class members, by and through their attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

Dated: 11 March 2024                     Respectfully submitted,

By:   /s/_____
Douglas J. Phillips (D. Md. Bar No. 30568)
**PHILLIPS LAW GROUP, LLC**
2931 Churchville Rd. # 573
Churchville MD 21028-1515
T: (410) 961-1036
dphillips@phillipslawmd.com

*Attorney for Plaintiff Tyrone A. Jones*