IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| TYRONE A. JONES, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civ. No. MJM-24-720 |
| v. | * | |
| | * | |
| BALTIMORE CITY | * | |
| SHERIFF'S DEPARTMENT, *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

Plaintiff Tyrone A. Jones ("Plaintiff") filed this civil action against the Baltimore City Sheriff's Department ("Sheriff's Department"), the Mayor and City Council of Baltimore ("City"), and Sheriff's Deputy Michael Davis. This matter is before the Court on the City's Motion to Dismiss, ECF No. 13, and the Sheriff's Department Motion to Dismiss, ECF No. 18. The Motions are ripe for disposition. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons set forth below, the Court shall grant the motions and dismiss Plaintiffs' claims against the City and the Sheriff's Department.

I.   **BACKGROUND**

   A.  **Factual Background**

The following facts are drawn from Plaintiff's Complaint (ECF No. 1). Deputy Davis was at a residence to conduct an eviction. ECF No. 1, ¶ 7. Plaintiff was asleep in the home until he was awoken by Deputy Davis. *Id.* Through Deputy Davis's unspecified "actions," Plaintiff was injured,

1

including bruising, scratches, lacerations requiring stitches, head trauma, and soft tissue injuries. *Id.* ¶ 8. As a result of these injuries, Plaintiff was taken to the hospital. *Id.* Plaintiff alleges that Deputy Davis used verbal threats throughout the encounter. *Id.* ¶ 15.

Plaintiff alleges that he was illegally arrested and unlawfully detained and imprisoned, causing him to incur thousands of dollars legal fees to fight numerous criminal charges filed against him. *Id.* ¶ 9. The charges were dismissed before trial. *Id.* Plaintiff alleges that, because of Deputy Davis, Plaintiff lost wages, experienced difficulty obtaining employment following incarceration, lost his freedom, and was deprived of time with friends and family. *Id.* ¶¶ 10–11.

Plaintiff alleges that the Sheriff's Department, along with other law enforcement agencies, employs strategies driven by deficient policies, training, and supervision disproportionately impact African Americans and unhoused people. *Id.* ¶¶ 13–14. Further, Sheriff's Department deputies have used racial slurs and other derogatory language to refer to African Americans, but the Sheriff's Department has failed to investigate complaints. *Id.* ¶ 15. Plaintiff alleges that the Sheriff's Department engages in a pattern or practice of using objectively unreasonable force, particularly against those who present little or no threat. *Id.* ¶¶ 16–17.

B. Procedural Background

Plaintiff filed his Complaint on March 11, 2024. ECF No. 1. Plaintiff completed timely service on the Sheriff's Department and the City but did not serve Deputy Davis. The City and the Sheriff's Department filed motions to dismiss on May 7, 2024, and May 24, 2024, respectively. ECF No. 13; ECF No. 18. Plaintiff did not file a response to either motion.

Plaintiff's Complaint contains four counts: (1) violation of 42 U.S.C. § 14141[1]; (2) 42 § 1983 violation of the Fourth and Fourteenth Amendments and Article 24 of the Maryland

---

[1] In the Complaint, Plaintiff cites 42 U.S.C. § 14141, ECF No. 1, ¶ 27, but this provision was recodified at 34 U.S.C. § 12601. Section 12601 does not create a private right of action and can only be enforced by the

2

Declaration of Rights;[2] (3) failure to train or supervise in violation of 42 U.S.C. § 1983 and negligent failure to train or supervise in violation of Article 24 of the Maryland Declaration of Rights; and (4) *respondeat superior* for common law and state constitutional claims. ECF No. 1. Plaintiff alleges that Deputy Davis injured Plaintiff during an eviction and that Plaintiff was illegally arrested and unlawfully detained, resulting in costly legal bills, the loss of wages, and the loss of time with friends and family. *Id.* Plaintiff requests at least $250,000 in compensatory and punitive damages and injunctive relief, including requiring the City and Sheriff's Department to implement training protocols aimed at preventing the violations alleged herein. *Id.*

## II.    STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).

A motion to dismiss under Rule 12(b)(6) constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a 12(b)(6) motion to dismiss, a plaintiff must plead enough factual allegations "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint need not

---

Attorney General. *Polido v. Crowley*, Civ. No. PX-23-00459, 2024 WL 263578 (D. Md. Jan 24, 2024) (citing *Boyd v. South Carolina*, No. 719CV00867BHHJDA, 2019 WL 2061495, at *3 (D.S.C. Mar. 28, 2019) (citing 42 U.S.C. § 14141(b) and collecting cases), *report and recommendation adopted*, No. 7:19-867-BHH, 2019 WL 2057961 (D.S.C. May 9, 2019), *aff'd*, 773 F. App'x 678 (4th Cir. 2019)).

[2] This claim appears to be asserted solely against Deputy Davis.

include "detailed factual allegations" to satisfy Rule 8(a)(2), but it must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 555–56 (internal quotation marks omitted). Furthermore, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (per curiam). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (cleaned up). A complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* "[T]ender[ing] 'naked assertion[s]' devoid of 'further factual enhancement'" does not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (third alteration in *Iqbal*).

When considering a motion to dismiss, a court must take the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). At the same time, "a court is not required to accept legal conclusions drawn from the facts." *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" the defendant's liability for the alleged wrong and the plaintiff's entitlement to the remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert denied*, 566 U.S. 937 (2012).

### III. DISCUSSION

#### A. Baltimore City Sheriff's Department

The Sheriff's Department moves for dismissal of the claims asserted against it because it is not an entity subject to suit. ECF No. 18 at 2. The law in this area is clear: under Maryland law, a sheriff's office is not a legal entity subject to suit. *See Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 874 (4th Cir. 1989) (affirming dismissal of claim against the "Office of Sheriff" because it is not a cognizable legal entity); *Hodge v. Stephens*, Civ. No. AW-12-01988, 2013 WL 398870 (D. Md. Jan. 31, 2013), *aff'd*, 533 F. App'x 344 (4th Cir. 2013) (dismissing claims against the Calvert County Sheriff's Office because it is not an entity subject to suit); *Boyer v. State*, 594 A.2d 121, 128 n. 9 (Md.1991) ("[T]he 'Sheriff's Department' is not an entity capable of being sued."); *Hines v. French*, 852 A.2d 1047, 1068 (Md. Ct. Spec. App. 2004) ("County police departments are agents of the State and should not be viewed as separate legal entities."). Because the Sheriff's Department is not an entity subject to suit, its motion to dismiss will be granted and claims against it will be dismissed with prejudice.

#### B. The City of Baltimore

The City moves for dismissal because the City does not have legal control over the Sheriff's Department or any of its employees, and all of Plaintiff's claims are predicated on the alleged acts of a deputy sheriff, a state employee. ECF No. 13-1 at 1–3.

Under Maryland law, Sheriffs and Deputy Sheriffs are state officials. *Rucker v. Harford Cnty.*, 558 A.2d 399, 402 (Md. 1989) ("[A]s a matter of Maryland law, the Sheriff and Deputy Sheriffs . . . are officials and/or employees of the State of Maryland[.]"); *see also* Md. Code Ann., State Gov't § 12-10(a)(6) (defining "sheriff or deputy sheriff of a county or Baltimore City" as "State personnel" for the Maryland Tort Claims Act).

Moreover, the City, a local government entity, cannot be vicariously liable under 42 U.S.C. § 1983. *See Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978); *Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004). While a municipality can be held liable for its own acts under § 1983, plaintiffs seeking to impose that liability must prove that "action pursuant to official municipal policy" caused their injury. *Monell*, 436 U.S. at 691. "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61(2011) (citing *Monell*, 436 U.S. at 69, 694). Here, however, the injuries alleged in the Complaint were committed by Deputy Davis, a state employee—not a municipal employee. The Complaint does not plausibly allege that Deputy Davis, a state employee, acted pursuant to any municipal policy or custom of the City.

Lastly, while local governments may be vicariously liable for state constitutional violations committed by their agents and employees within the scope of employment, *DiPino v. Davis*, 729 A.2d 354, 371–72 (Md. 1999), Deputy Davis, again, is not an employee of the City. Here, Plaintiff cannot state a claim against the City for *respondeat superior* because vicarious liability requires an agency relationship that does not exist here. *See General Building Contractors Assoc., Inc. v. Pennsylvania*, 458 U.S. 375, 392 (1982) ("*respondeat superior* . . . would not support the imposition of liability on a defendant based on the acts of a party with whom it had no agency or employment relationship"). Because the City is not the employer of the Sheriff and the Sheriff's Deputies, and there is no allegation of an agency relationship, it cannot be vicariously liable for their alleged actions.

Accordingly, the Court finds the Complaint inadequate to state a plausible claim against either the Sheriff's Department or the City. Count I shall be dismissed with prejudice as to all

defendants. The Complaint shall be dismissed with prejudice as to the Sheriff's Department and without prejudice as to the City on Counts III and IV.

## IV.  CONCLUSION

For the foregoing reasons, both the Sheriff's Department and the City's motions to dismiss shall be GRANTED.

A separate Order will follow.

<table>
<tr><td>  3/31/25  </td><td>           /S/           </td></tr>
<tr><td>Date</td><td>Matthew J. Maddox<br>United States District Judge</td></tr>
</table>